IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARKUS ANTHONY GREEN** | § | |
| | § | |
| **V.** | § | **A-12-CV-036-LY** |
| | § | **(A-98-CR-254-JRN)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Markus Anthony Green's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 63). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I.   Background**

Markus Green was charged with producing and passing counterfeit twenty-dollar bills. On December 10, 1998, Green pled guilty to passing counterfeit notes, and on May 6, 1999, the district court sentenced him to 36 months of imprisonment, three years of supervised release, and ordered him to pay a $5,000 fine and a $100 special assessment fee. Green did not file a direct appeal. After completing his prison sentence, Green was charged and convicted in Texas state court for practicing medicine without a license, and he was sentenced as a habitual offender to a 40-year term of imprisonment. The federal government moved to revoke Green's supervised release, and after a series of motions by the government and Green, the court granted the government's motion to dismiss its motion to revoke supervised release, which mooted the remaining pending motions.

Green now seeks redress under 28 U.S.C. § 2255 on his original conviction. He claims that the district court improperly considered prior state convictions as third degree felonies instead of state jail felonies when it sentenced him in 1999, and he claims that as a result of his incorrect federal sentence, Texas sentenced him as a habitual offender. In essence, Green complains that his current state sentence is improperly based on an incorrect federal sentence, which was improperly based on previous state convictions. He also claims that his federal guilty plea was involuntary and invalid because his attorney had an alleged conflict of interest, and the trial court did not perform a *Garcia* hearing.

The Government contends that Green's motion is time barred under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Further, it claims that his guilty plea was valid, and that his sentence was correctly imposed. Even if Green could demonstrate that the district court should have considered his prior state convictions as state jail felonies instead of third degree felonies, it would not have affected his sentence.

**II.     Analysis**

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice'

resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, then the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). However, a defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### A.   Green Served his Federal Sentence

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). At the time he filed his federal application, Green had discharged his 36-month sentence for passing counterfeit money. Therefore, he cannot bring a federal habeas petition directed solely at that charge. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions").

Although Green is not in custody pursuant to his federal conviction, he is in custody for his state conviction. A petitioner meets the jurisdictional "in custody" requirement if the habeas petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. *Lackawanna*, 532 U.S. at 401–02. "'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior

conviction and the petitioner's present incarceration." *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979).

Green completed his federal sentence, and the government dismissed its motion to revoke his supervised release. Therefore, he is no longer in custody for his federal conviction for passing counterfeit money, and he cannot bring a challenge directed solely at his federal conviction or sentence. This bars his claim that the district court incorrectly applied state law charges when calculating his criminal history, and it also bars him from claiming that his counsel rendered inadequate representation or that his plea was invalid. Green is currently incarcerated for his state conviction, and he is attempting to attack his state sentence, not his federal sentence. Although state prisoners can attack state sentences that rely on federal convictions, § 2255 is not the proper vehicle for such a challenge, but rather is properly raised in a § 2254 motion.

**B.     Green Previously Filed § 2254 Motions**

Green has filed several § 2254 motions related to his incarceration. All of them have been denied, and because of his excessive filing, the district court barred him from filing anything further unless he receives permission. *Green v. Stephens*, 1:05-CV-01035-LY, Clerk's Doc. No. 15 (W.D. Tex. Dec. 1, 2009); *see also Green v. Quarterman*, 1:07-CV-00899-LY; *Green v. Thaler*, 1:09-CV-00900-LY. Further, the Fifth Circuit has barred Green "from proceeding [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Green v. Vu*, 1:09-CV-913 (5th Cir. Sept. 20, 2010).

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte, *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997), and this Court will do so here. The Court lacks jurisdiction to consider Green's petition, as it is a "successive" application   Title

4

28 U.S.C. § 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication in the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Green's successive application, and therefore, this court lacks jurisdiction to consider his habeas claims.

### III.    Recommendation

Green's claims cannot be raised in a § 2255 motion, and the court cannot consider a successive § 2254 motion without the Fifth Circuit's authorization. Accordingly, the undersigned RECOMMENDS that the district court DISMISS Green's motion to vacate, set aside, or correct his sentence because he is no longer in federal custody and he cannot file a successive § 2254 motion without leave from the circuit. Because the court lacks jurisdiction over Green's habeas petition, it does not address whether his claims are time barred by the AEDPA.

### Warning

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal

5

conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Green's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 28th day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE