**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARKUS A. GREEN**[1] | § | |
| | § | |
| **V.** | § | **A-13-CV-983-JRN** |
| | § | **(A-98-CR-254 JRN)** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE JAMES R. NOWLIN
         SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are: Petitioner Markus A. Green's Application to Proceed *In Forma Pauperis* (Dkt. # 7); Petitioner's Writ of Error Coram Nobis (Dkt. # 1); Petitioner's Motion for Writ of Habeas Corpus Ad Testificandum (Dkt. # 5); and Petitioner's Motion for Appointment of Counsel (Dkt. # 4). The District Court referred the above-styled case to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

## I.  Motion for *In Forma Pauperis*

After reviewing Green's prisoner trust account statement, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Green's Application to Proceed *In Forma Pauperis* (Dkt. # 7). The Clerk of the Court shall file his Writ of Error Coram Nobis without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made

---

[1]Texas inmate # 1118715.

in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.  GENERAL BACKGROUND

### A.    Criminal Convictions

On July 20, 1990, Petitioner Markus A. Green's ("Green") was convicted in state court for unauthorized use of a motor vehicle and was sentenced to 10 years in prison. This sentence was discharged in 2002.

On November 6, 1998, Green was arrested by federal authorities for passing counterfeit Federal Reserve notes at a retail store in Austin, Texas.  Pursuant to a Plea Agreement, Green pled guilty to Count Two of the Indictment, charging him with passing counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472.  *See* Indictment in A-98-CR- 254 JRN.  On May 6, 1999, the District Court sentenced Green to a 36 month-term of imprisonment, a three-year term of supervised release and a $5,000 fine.  The Judgment directed that while on supervised release, Green "shall not commit another federal, state, or local crime during the term of supervision." Judgment at p. 4.  Green did not file a direct appeal of his conviction or sentence.

Green was released from federal custody on July 11, 2001, and began serving his three-year term of supervised release.  Four days later, on July 15, 2001, Green was arrested by the Austin Police Department and charged with sexual assault and practicing medicine without a license.[2]  On

---

[2]On July 20, 2001, the Government filed a Motion to Revoke Green's term of supervised release as a result of Green's arrest by APD.  See Dkt. # 24.  The District Court then issued an arrest warrant "for the arrest of the defendant to return to the Court to show cause why his term of supervision should not be revoked," and requested the warrant to be placed as a detainer with the Travis County Sheriff's Office. See *Id.*  However, years later, on February 12, 2009, the District Court granted the Government's Motion to Dismiss the Motion to Revoke. See Dkt. # 55.  On July 31, 2009, the arrest warrant was return unexecuted.  Thus, there is no federal detainer or warrant in

July 15, 2002, Green was convicted in the 167th Judicial District Court, Travis County, of practicing medicine without a license and causing psychological harm, in violation of § 165.153(a)(1) of the Texas Occupations Code and was sentenced to 40 years of imprisonment. Green's conviction was affirmed by the Third Court of Appeals of Texas on May 27, 2004. *See Green v. State*, 137 S.W.3d 356, 359-62 (Tex. App.– Austin 2004, pet. ref'd). His motion for rehearing was overruled on June 24, 2004, and his petition for discretionary review was refused on December 15, 2004. Green did not file a petition for writ of certiorari. Green's current projected release date is May 25, 2019.

**B.     Green's Previous Attacks on his Federal Conviction**

Although Green did not file a direct appeal of his federal counterfeiting conviction under 18 U.S.C. § 472, he has repeatedly attacked his conviction and sentence on various grounds. For example, on March 7, 2008, Green filed a Motion to Withdraw his Guilty Plea arguing that he had a conflict of interest with his attorney. The District Court denied the motion after finding that it was without merit. See Dkt. # 37. The District Court also denied Green's Motion for Writ of Habeas Corpus ad testificandum, Motion for Speedy Trial and Motion for Counsel, which all attacked his supervised release revocation. See Dkt. # 33. The District Court also denied Green's Motion to Reopen the Case based on the alleged conflict of interest with his attorney. See Dkt. #44. Green filed a Notice of Appeal, which the Fifth Circuit dismissed on August 7, 2008. See Dkt. # 50. On November 4, 2009, Green filed another Motion to Reopen his case and a Motion to Challenge the Validity of the Texas Statutes for which he was convicted in his state criminal case. The District Court denied these motions as well.

---

place against Green at this time. Accordingly, any complaints regarding a warrant or detainer are misplaced.

On January 12, 2012, Green filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255, arguing again that his attorney had a conflict of interest, his guilty plea was invalid and that the District Court improperly enhanced his sentence because of his state convictions.  Green also filed a Motion to Challenge the Constitutionality of the Texas statutes used to convict him pursuant to his state criminal case.  On June 28, 2013, this Court issued its Report and Recommendation recommending that the District Court dismiss Green's § 2255 Motion for the following reasons: (1) Green completed his federal sentence and was no longer in federal custody and thus could not file a § 2255 Motion to Vacate; and (2) Green was attempting to raise issues already ruled on in his previous § 2254 petitions and had not obtained permission from the Fifth Circuit to file a successive § 2254 petition.[3]  Upon the most recent review of Green's criminal file, it has become apparent that the Court's prior statement in the earlier Report and Recommendation that Green's federal sentence had been *fully* discharged was overly broad.  While Green has completed his 36-month term of federal imprisonment, he has not yet completed his three-year term of supervised release, because that term of supervised release was tolled when Green was arrested on the state charges on July 15, 2001.  Under federal law, "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."  18 U.S.C. § 3624(e); *see also, United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005) (statutory text of § 3624(e) was

---

[3]On September 13, 2012, the District Court adopted the Magistrate Court's Report and Recommendation and dismissed Green's § 2255 Petition as well as all other pending motions. See Dkt. # 78.  Green appealed and the Fifth Circuit dismissed the appeal for want of prosecution on October 30, 2012.  See Dkt. # 80.

unambiguous and provided that supervised release does not run during other imprisonment).[4]  Thus, when Green was arrested on July 15, 2001, he had completed only four days of his three-year term of supervised release, and thus has two years and 361 days of that term left to complete.[5]

## C.   Green's Previous Attacks on His State Convictions

Green has filed in this Court six previous petitions for habeas corpus under 28 U.S.C. § 2254, all of which were unsuccessful:

- In Cause No. 05-CV-1035 LY, Green argued that: (1) the use of his prior state and federal convictions for enhancement purposes was improper; (2) his conviction violated the Free Speech Clause and the Due Process Clause; (3) his arrest and search of his office were unlawful; (4) his indictments were obtained under false pretenses; and (5) he received ineffective assistance of counsel.  See Dkt. #11 in 1:05-CV-1035 LY.  On May 11, 2006, the District Court dismissed this Petition for failure to exhaust state court remedies.  See Dkt. # 9 in 1:05-CV-1035 LY.  Two years later, Green filed a Motion to Reopen the Case, which the District Court denied and barred Green from filing anything further in the case with the exception of a notice of appeal. See Dkt. # 15 in 1:05-CV-1035 LY.

- In No. 07-CV-898 LY, Green challenged his conviction for unauthorized use of a motor vehicle for which he was sentenced to 10 years in prison.  Green complained that the Parole Board waited until Petitioner was convicted of a

---

[4]See also, *United States v. Molina-Gazca*, 571 F.3d 470, 474 (5th Cir. 2009) (a defendant's period of supervised release is also tolled during *pretrial detention* in connection with a subsequent arrest and conviction), *cert. denied*, 558 U.S. 1150 (2010).

[5]The fact that Green's federal sentence had not been fully discharged does not change the outcome of Green's earlier § 2255 motion.  As noted earlier, the Court also based its recommendation that Green's § 2255 motion be dismissed on the fact that Green was attempting to re-argue his six previous, failed § 2254 petitions.  Moreover,  Green's § 2255 motion was time-barred under the one-year limitations period for filing a § 2255 motion in federal court.  *See* 28 U.S.C. § 2255(f).  Because Green did not file a direct appeal of his conviction, his conviction became final on May 16, 1999, the day when the time for filing a direct appeal expired in his case. Therefore, Green  was required to file any § 2255 motion on or before May 16, 2000.  Green, however, did not file his § 2255 motion until more than eleven years later on January 12, 2012. Thus, Green's § 2255 motion was also time-barred and could have been dismissed for that reason as well.

new and different offense, presumably practicing medicine without a licence, to revoke his parole. The District Court dismissed the Petition for lack of jurisdiction. See Dkt. # 20.

• In No. 07-CV-899 LY, Green challenged his conviction for practicing medicine without a license and causing psychological harm. He argued his conviction was unconstitutional because the statute fails to define what constitutes a finding of psychological harm. He also argued that his sentence was unlawfully enhanced by prior convictions. He also argued that DNA was unlawfully collected from him in February 2007. The District Court dismissed Petition No. 07-CV-899 LY as time-barred. See Dkt. # 20.

• In Cause No. A-07-CV-900-LY Green again challenged his conviction for practicing medicine without a license and causing psychological harm, arguing that the appellate court: (1) failed to properly address his claim that the State was required to prove he "pretended" to conduct an exam; (2) erred in holding the jury could infer that Petitioner "publicly professed" to being a physician; and (3) erred in not addressing Petitioner's fifth point of error that the trial court erred in telling jurors they could infer that he "publicly professed" to be a physician. The District Court dismissed this Petition as time-barred. See Dkt. # 19.

• In Cause No. A-07-CV-901-LY, Green again challenged his conviction for practicing medicine without a license and causing psychological harm. Similar to the claims raised in Cause Nos. A-07-CV-899-LY and A-07-CV-900-LY, Green argued the evidence was legally insufficient to sustain the jury's implied finding that Petitioner was "pretending" to conduct an exam. The District Court also dismissed this Petition as time-barred. See Dkt # 23. The Court also issued a consolidated order in the 899, 900 and 901 cases barring Green "from filing anything further in the above-styled cases." The Fifth Circuit denied Green a certificate of appealability on June 25, 2008. *Green v. Quarterman*, No. 08-50119.

• In Cause No. A-09-CV-900, Green complained that he had been treated as a sex offender in prison and that he was not allowed to attend college. Green further complained that he was required to provide a DNA sample. He once again challenged the constitutionality of several state statutes used to convict him of practicing medicine without a license. Because Green did not obtain prior approval to file a successive habeas corpus application, the District Court transferred Green's Application for Writ of Habeas Corpus to the Fifth Circuit. See Dkt. # 8. On February 25, 2010, the Fifth Circuit dismissed Green's appeal for want of prosecution. See Dkt. # 9.

In addition to the six habeas cases he has filed, Green has also filed several civil rights lawsuits, all of which were dismissed as frivolous under 28 U.S.C. § 1915(g). *See* Cause Nos.1:08-CV-036 LY; 1:09-CV-865 LY; and 1:09-CV-913 LY. The Fifth Circuit affirmed all of these dismissals and because Green accumulated three strikes under § 1915(g), the Fifth Circuit barred Green "from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger or serious physical injury." *See Green v. Vu*, No. 10-50223 (5th Cir. Sept. 20, 2010).

### III.   INSTANT WRIT OF ERROR CORAM NOBIS

On November 12, 2013, Green filed the instant Petition for Writ of Error Coram Nobis, pursuant to 28 U.S.C. § 1651. A writ of error coram nobis is an "extraordinary remedy" intended to achieve justice when "errors of the most fundamental character" have occurred in a criminal proceeding. *United States v. Morgan*, 346 U.S. 502, 511–12 (1954) (citing *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). It is available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir.1989) (citations omitted); *see also United States v. Castro*, 26 F.3d 557, 559 n. 3 (5th Cir.1994). The remedy of coram nobis "should issue to correct only errors which result in a complete miscarriage of justice." *Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512). A writ of coram nobis cannot be issued without findings of "sound reasons" for not seeking relief earlier. *See Dyer*, 136 F.3d at 422.

Green has failed to demonstrate that his convictions and sentences involved an error of a fundamental character resulting in a complete miscarriage of justice. Instead, Green has simply reasserted his previously-rejected challenges to his underlying criminal convictions and sentences. The only exception to this is Green's complaint that he received a letter from the United States Probation Office on October 2, 2013, ordering him to report to the nearest Federal Probation Office within 72 hours from being released from state custody in order to commence his "FOURTEEN year term of supervised release." *See* Exh. 1 to Green's Petition. Green avers that this letter shows that his three-year term of supervised release has been "arbitrarily revived" after this Court's previous declaration (in its Report and Recommendation on Green's § 2255 Motion) that Green's federal counterfeiting sentence had been discharged. Green further complains that his term of supervised release has been inexplicably increased from three to fourteen years. Green requests that the Court grant his Petition and "reopen all the petitions this court denied or dismissed as moot . . . including his motion challenging the constitutionality of Texas statutes (§§ 165.152, 165.153 of the Texas Occupation Code).

On February 13, 2014, at the Court's request, the United States Probation Office sent Green another letter clarifying that the reference to the 14-year term of supervised release in its previous letter was in error. A copy of this new letter is attached. The letter clarifies that Green's term of supervised release is a three-year term, and that it was tolled when he was arrested by the APD on July 15, 2001. Thus, as noted above, Green has only served four days of his three year term of supervised release. Because the comment in the letter of October 3, 2013, that Green was subject to a 14-year term of supervised release was in error, and that error has been corrected, Green's

complaints that his term of supervised release had been increased to fourteen years is moot. Accordingly, his Petition for Writ of Error Coram Nobis on this basis should be denied.

With regard to all of Green's other claims, Green has raised these same arguments repeatedly in his many previous lawsuits, and the instant petition constitutes an abuse of the writ. Green has fully and completely exhausted all arguments regarding the validity of his convictions and sentences. Green has been repeatedly warned by the District Court and the Fifth Circuit about his filings. Although Green is subject to the "three strikes" rule contained in 28 U.S.C. § 1915(g), that bar does not apply to habeas petitions. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) (holding that Prison Litigation Reform Act does not apply to habeas petitions). Green has clearly taken advantage of this by filing the same arguments over and over, including in this Petition for Writ of Error Coram Nobis. The right to file suits in the federal courts is not an absolute right, and Green's unmitigated abuse of the right cannot come without consequences, and without some limitations on his ability to take advantage of his right. Federal courts have the inherent power to impose sanctions against abusive and serial filers of frivolous litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). A habeas petition is considered to be abusive if it raises "the same legal issue" addressed and resolved in a prior filing. *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir.1994); see also *Williams v. Tamez*, 466 F. App'x. 326, 327 (5th Cir. 2012) (finding that district court did not abuse its discretion in dismissing a § 2241 petition as an abuse of the writ where the petition raised the same legal issue as a prior petition). Given Green's filing history, it is appropriate to bar him from filing *any* further habeas petitions or motions in this Court that challenge his unauthorized use a motor vehicle conviction, his counterfeiting conviction, or his practicing medicine without a license

and causing psychological harm conviction.  Accordingly, the undersigned recommends that the district judge bar Green accordingly.

## IV.  RECOMMENDATION

Based upon the foregoing, the Court **RECOMMENDS** that the District Judge **DISMISS** Markus A. Green's Petition for Writ of  Error Coram Nobis (Dkt. # 1).  IT IS **FURTHER RECOMMENDED** that the District Court **DENY** all pending motions in this matter.

Further, the Court **RECOMMENDS** that the District Judge **BAR** Green from filing any habeas case, petition, proceeding, or motion in the Western District of Texas that challenges his unauthorized use a motor vehicle conviction, his counterfeiting conviction, or his practicing medicine without a license and causing psychological harm conviction.  Should the Clerk of the Court receive any filing within this description in the future, he is instructed to simply return it to Green by U.S. Mail, and not docket the matter as a proceeding.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of February, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE